1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

MAURICE DARONTE DAVIS,                    No.  2:25-cv-0308 AC P

12

Plaintiff,

13

v.                                                    ORDER

14

JEFF MACOMBER, et al.,

15

Defendants.

16
17

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983

18

without a lawyer.  He has requested leave to proceed without paying the full filing fee for this

19

action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot

20

afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to

21

proceed in forma pauperis is granted.[1]

22

I.    Statutory Screening of Prisoner Complaints

23

The court is required to screen complaints brought by prisoners seeking relief against "a

24

---

25

[1]  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that
are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As

26

part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust
account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to the appropriate agency

27

requires monthly payments of twenty percent of the prior month's income to be taken from
plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.

28

See 28 U.S.C. § 1915(b)(2).

1    governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  A

2    claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v.

3    Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on

4    an indisputably meritless legal theory or factual contentions that are baseless.  Id., 490 U.S. at

5    327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

6    arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989),

7    superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

8    2000).

9         In order to avoid dismissal for failure to state a claim a complaint must contain more than

10   "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a

11   cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

14   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

15   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

16   inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation

17   omitted).  When considering whether a complaint states a claim, the court must accept the

18   allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the

19   complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421

20   (1969) (citations omitted).

21        II.    Factual Allegations of the Complaint

22        The complaint alleges that defendants Macomber and Kincaid violated plaintiff's Fourth,

23   Eighth, and Fourteenth Amendment rights[2] while he was housed at California State Prison (CSP)-

24   Sacramento.  ECF No. 1.  Plaintiff alleges that on a September 21, 2024, he was ambushed and

25   attacked by multiple inmates and did not receive aid until staff walked by and found him with

26

27   [2]  Plaintiff also cites the Ninth Amendment.  However, "the ninth amendment has never been
     recognized as independently securing any constitutional right, for purposes of pursuing a civil
28   rights claim."  Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986).

                                            2

1  facial injuries.  Id. at 2.  After the attack, rather than being sent directly to medical, plaintiff was

2  subjected to a strip search in an open dwelling where he was made to squat and cough.  Id.  He

3  asserts that these failures occurred under Macomber's watch and that as the head of the CDCR he

4  is responsible for protecting inmates and properly training staff.  Id.

5       Plaintiff next alleges that defendant Kincaid has lied about his restitution amount, and he

6  has had money deducted from his inmate account which is unauthorized.  Id. at 3.  Macomber is

7  supposed to enforce the laws and procedures and allowed the CDCR to deduct money from his

8  account even though it was not supposed to be deducted.  Id.

9       Finally, plaintiff alleges that he has a seafood and shellfish allergy but does not receive

10  substitutions when fish is served because he does not have an approved religious diet.  Id. at 4.

11  Defendant Macomber is responsible for the policy and is aware of this issue because all

12  grievances are sent to the Sacramento Office of Appeals and he has been complaining about it for

13  years.  Id.  As a result of the failure to provide him with substitutions, plaintiff alleges that he

14  does not receive enough food on days when fish is served.  He also alleges that he diet he receives

15  is not healthy and even though he has chronic kidney disease, medical staff tells him his condition

16  has to get worse before he is issued a special diet.  Id.

17       III.    Failure to State a Claim

18       Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the

19  complaint does not state a valid claim for relief against any defendant.  Plaintiff makes only

20  general allegations that Macomber is liable because of his position as CDCR Secretary.  There is

21  no supervisory liability under § 1983 and plaintiff must allege facts showing Macomber's

22  personal involvement in the violations.  To the extent plaintiff alleges that Macomber was

23  responsible for the policy regarding lack of food substitutions for allergies, his only alleged harm

24  is that he did not receive sufficient food on days when fish was served.  There are no facts

25  indicating how often fish was served or whether plaintiff was able to eat any other food served on

26  those days that would support an inference that the reduction in food created a serious risk of

27  injury.  Plaintiff also fails to state a due process claim against Macomber or Kincaid based on the

28  unauthorized deduction of money from his trust account because California has an adequate post-

1    deprivation remedy.  To the extent plaintiff may be attempting to state claims against any

2    individuals he claims were involved in carrying out the alleged violations, he has not identified

3    them as defendants or made specific allegations against them.

4         Because of these defects, the court will not order the complaint to be served on

5    defendants.  Plaintiff may try to fix these problems by filing an amended complaint.  In deciding

6    whether to file an amended complaint, plaintiff is provided with the relevant legal standards

7    governing his potential claims for relief which are attached to this order.  <u>See</u> Attachment A

8         IV.    <u>Legal Standards Governing Amended Complaints</u>

9         If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions

10   about which he complains resulted in a deprivation of his constitutional rights.  <u>Rizzo v. Goode</u>,

11   423 U.S. 362, 370-71 (1976).  The complaint must also allege in specific terms how each named

12   defendant is involved.  <u>Arnold v. Int'l Bus. Machs. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).

13   There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

14   connection between a defendant's actions and the claimed deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>,

15   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

16   participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266,

17   268 (9th Cir. 1982) (citations omitted).

18        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

19   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

20   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

21   amended complaint supersedes any prior complaints.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

22   1967) (citations omitted).  Once plaintiff files an amended complaint, any previous complaint no

23   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

24   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

25        V.     <u>Plain Language Summary of this Order for Party Proceeding Without a Lawyer</u>

26        Your complaint will not be served because the facts alleged are not enough to state a

27   claim.  You are being given a chance to fix these problems by filing an amended complaint.  If

28   you file an amended complaint, pay particular attention to the legal standards attached to this

order.  Be sure to provide facts that show exactly what each defendant did to violate your rights.

**Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 3, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5

1                                            Attachment A

2       This Attachment provides, for informational purposes only, the legal standards that may

3 apply to your claims for relief. Pay particular attention to these standards if you choose to file an

4 amended complaint.

5       A. Personal Involvement and Supervisory Liability

6       "Liability under § 1983 must be based on the personal involvement of the defendant,"

7 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

8 164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

9 rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

10 (citations omitted). "A person 'subjects' another to the deprivation of a constitutional right,

11 within the meaning of section 1983, if he does an affirmative act, participates in another's

12 affirmative acts, or omits to perform an act which he is legally required to do that causes the

13 deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

14 1978) (citation omitted). In other words, to state a claim for relief under section 1983, plaintiff

15 must link each individual defendant with some affirmative act or omission that shows a violation

16 of plaintiff's federal rights.

17       Furthermore, "[t]here is no respondeat superior liability under section 1983," Taylor v.

18 List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), which means that a supervisor

19 cannot be held responsible for the conduct of his subordinates just because he is their supervisor.

20 "A supervisor is only liable for constitutional violations of his subordinates if the supervisor

21 participated in or directed the violations, or knew of the violations and failed to act to prevent

22 them." Id. A supervisor may also be liable, without any personal participation, if he

23 "implement[ed] a policy so deficient that the policy 'itself is a repudiation of the constitutional

24 rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642,

25 646 (9th Cir. 1989) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)).

26       B. Failure to Protect

27       "[A] prison official violates the Eighth Amendment only when two requirements are met.

28 First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

1   omission must result in the denial of the minimal civilized measure of life's necessities." <u>Farmer</u>

2   <u>v. Brennan</u>, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second,

3   the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate

4   indifference to inmate health or safety." <u>Id.</u> (internal quotation marks and citations omitted).  The

5   official is not liable under the Eighth Amendment unless he "knows of and disregards an

6   excessive risk to inmate health or safety." <u>Id.</u> at 837.  He must then fail to take reasonable

7   measures to lessen the substantial risk of serious harm.  <u>Id.</u> at 847.  Negligent failure to protect an

8   inmate from harm is not actionable under § 1983.  <u>Id.</u> at 835.

9        C.  <u>Strip Searches</u>

10        The Fourth Amendment protects against unreasonable searches, and that right is not lost

11   to convicted inmates.  <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1524 (9th Cir. 1993).  However,

12   "incarcerated prisoners retain a *limited* right to bodily privacy." <u>Michenfelder v. Sumner</u>, 860

13   F.2d 328, 333 (9th Cir. 1988) (emphasis added).

14        A detention facility's strip-search policy is analyzed using the test for reasonableness

15   outlined in <u>Bell v. Wolfish</u>, as "[t]he Fourth Amendment prohibits only unreasonable searches."

16   <u>Bull v. City and County of San Francisco</u>, 595 F.3d 964, 971-72 (9th Cir. 2010) (alteration in

17   original) (internal quotation marks omitted) (quoting <u>Bell</u>, 441 U.S. at 558).  Under <u>Bell</u>, the court

18   must balance "the need for the particular search against the invasion of personal rights that the

19   search entails."  441 U.S. at 559.  In order to do so, courts must consider "the scope of the

20   particular intrusion, the manner in which it is conducted, the justification for initiating it, and the

21   place in which it is conducted."  <u>Id.</u>  Strip searches that are limited to "visual inspection," even if

22   "invasive and embarrassing," can be resolved in favor of the institution.  <u>Bull</u>, 595 F.3d at 975

23   (holding that visual strip searches that are held in a "professional manner and in a place that

24   afforded privacy" and done to prevent the smuggling of contraband did not violate Fourth

25   Amendment).  However, searches done for the purpose of harassment are not constitutionally

26   valid—the Supreme Court has held that "intentional harassment of even the most hardened

27   criminals cannot be tolerated" by the Fourth Amendment's protections.  <u>Hudson v. Palmer</u>, 468

28   U.S. 517, 528 (1984).

1       D.  Deliberate Indifference to Medical Needs

2       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

3 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091,

4 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff

5 to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition

6 could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

7 (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal

8 quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

9       A plaintiff can establish deliberate indifference "by showing (a) a purposeful act or failure

10 to respond to a prisoner's pain or possible medical need and (b) harm caused by the

11 indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference "may appear

12 when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

13 shown by the way in which prison physicians provide medical care." Hutchinson v. United

14 States, 838 F.2d 390, 394 (9th Cir. 1988) (citation omitted).  "[A] complaint that a physician has

15 been negligent in diagnosing or treating a medical condition does not state a valid claim of

16 medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

17       E.  Conditions of Confinement

18       "The Constitution does not mandate comfortable prisons, but neither does it permit

19 inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

20 citation omitted).  "[A] prison official violates the Eighth Amendment only when two

21 requirements are met." Id. at 834.

22       "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting

23 Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  To be sufficiently serious, "a prison official's act or

24 omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id.

25 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  "[R]outine discomfort inherent in the

26 prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d

27 726, 732 (9th Cir. 2000).  Rather, "extreme deprivations are required to make out a[n] [Eighth

28 Amendment] conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

1   "More modest deprivations can also form the objective basis of a violation, but only if such

2   deprivations are lengthy or ongoing." <u>Johnson</u>, 217 F.3d at 732.

3        Second, the prison official must subjectively have a "sufficiently culpable state of mind,"

4   "one of 'deliberate indifference' to inmate health or safety." <u>Farmer</u>, 511 U.S. at 834 (citations

5   omitted). "[T]he official must both be aware of facts from which the inference could be drawn

6   that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837. He

7   must then fail to take reasonable measures to lessen the substantial risk of serious harm. <u>Id.</u> at

8   847. If a prison official's response to a known risk is reasonable, they "cannot be found liable."

9   <u>Id.</u> at 845. Negligent failure to protect an inmate from harm is not actionable under § 1983. <u>Id.</u> at

10  835.

11       F.   <u>Deprivation of Property</u>

12       Intentional or negligent deprivations of property by a prison official that are unauthorized

13  do not state a claim under § 1983 if the state provides an adequate post-deprivation remedy.

14  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984). The Ninth Circuit has ruled that "California Law

15  provides an adequate post-deprivation remedy for any property deprivations." <u>Barnett v. Centoni</u>,

16  31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). The

17  deprivation of property only states a claim for violation of due process if the deprivation was

18  intentional and authorized. An authorized deprivation is one carried out pursuant to established

19  state procedures, regulations, or statutes. <u>Piatt v. MacDougall</u>, 773 F.2d 1032, 1036 (9th Cir.

20  1985).

21

22

23

24

25

26

27

28

4